IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YVONNE BROWN, | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) FILE No. _____ |
| ADVENTURE OUTDOORS, INC. and J. WALLACE PROPERTIES I, LLC, | ) |
|     Defendants. | ) |

## COMPLAINT

COMES NOW, YVONNE BROWN, by and through the undersigned counsel, and files this, her Complaint against Defendants ADVENTURE OUTDOORS, INC. and J. WALLACE PROPERTIES, LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and

1

violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division, as both Defendants maintain their registered agents for service of process in Cobb County, Georgia, and the parcel of real property at issue in this case is located in Cobb County, Georgia

**PARTIES**

3. Plaintiff YVONNE BROWN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in the state of Georgia. At times relevant to the instant matter, Plaintiff has been a resident of both Dallas, Georgia (Paulding County), and is presently a resident of Douglasville, Georgia (Douglas County).

4. Plaintiff suffers from Epilepsy, Multiple Sclerosis ("MS") and has suffered multiple injuries resulting in irreversible damage to her legs, and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

6. Plaintiff uses a wheelchair for mobility purposes.

7. Defendant ADVENTURE OUTDOORS, INC. (hereinafter

"Adventure Outdoors") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Adventure Outdoors operates a business located at 2500 S. Cobb Drive, Smyrna, Georgia 30080, doing business as "Adventure Outdoors."

9. Adventure Outdoors may be properly served with process via its registered agent for service, to wit: Jay Wallace, 295 Mill Creek Court, Acworth, Georgia, 30101.

10. Adventure Outdoors is the lessee (or a sub-lessee) of the real property and improvements that are the subject of this action. (The structures and improvements situated upon such real property shall be referenced herein as the "Facility").

11. Defendant J. WALLACE PROPERTIES, LLC (hereinafter "Wallace Properties") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

12. Wallace Properties is the owner (or a co-owner) of the real property and improvements that are the subject of this action. (Said real property shall be referenced herein as the "Property").

13. Wallace Properties may be properly served with process via its registered agent for service, to wit: Jay Wallace, 295 Mill Creek Court, Acworth,

Georgia, 30101.

## FACTUAL ALLEGATIONS

14. On multiple occasions, including, but not limited to: December 29, 2018 and November 29, 2020, Plaintiff was a customer at Adventure Outdoors.

15. Plaintiff is a regular repeat customer of Adventure Outdoors.

16. Plaintiff presently lives approximately twenty-two (22) miles from the Facility and Property.

17. Plaintiff's access to the business(es) located at 2500 South Cobb Drive, Smyrna, Georgia 30080, (Cobb County Property Appraiser's parcel number 17034600480), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

18. Plaintiff has visited the Facility and Property on multiple occasions and intends on revisiting the Facility and Property once the Facility and Property are made accessible.

19. Plaintiff intends to revisit the Facility and Property to purchase goods

and/or services.

20. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to her access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

22. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

23. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24. The Facility is a public accommodation and service establishment.

25. The Property is a public accommodation and service establishment.

26. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

29. The Facility must be, but is not, in compliance with the ADA and ADAAG.

30. The Property must be, but is not, in compliance with the ADA and ADAAG.

31. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Defendants have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

35. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)    EXTERIOR ELEMENTS:**

(i)     The total number of accessible parking spaces on the Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(i)     At least one accessible parking space on the Property does not have proper identification signage, in violation of section 502.6 of the 2010 ADAAG standards. Specifically, the existing signage is worn away to the extent that it is not visible.

(ii)    One or more accessible parking spaces on the Property are not located on the shortest accessible route from the accessible parking space(s) to the accessible entrances of the Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

(iii)   Multiple accessible parking spaces on the Property have slopes in excess of 1:48 (one to forty-eight), in violation of section

502.4 of the 2010 ADAAG standards. At least one accessible parking space (most proximate to the southern entrance of the Facility) has both a slope and inverted slope in excess of 1:48 (one to forty-eight).

(iv) Multiple access aisles adjacent to the accessible parking spaces on the Property also have slopes in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(v) Multiple accessible parking spaces on the Property have cross-slopes in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(vi) Multiple access aisles adjacent to the accessible parking spaces on the Property also have cross-slopes in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(vii) One or more accessible parking spaces on the Property and their associated adjacent access aisles have excessive vertical rises within their boundaries, in violation of section 502.4 of the 2010 ADAAG standards. These vertical rises promote water

9

collection and sediment to build up within the boundaries of said spaces and access aisles, along with vegetation growth within them.

**(b)  INTERIOR ELEMENTS:**

(i) The interior of the Facility has multiple sales and services counters lacking any portion of which that has a maximum height of 36" (thirty-six inches) from the finished floor, in violation of section 904.4 of the 2010 ADAAG standards.

(ii) The Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(iii) The soap dispensers in the restrooms in the Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(iv) There is inadequate clear turning space in the accessible toilet stalls in the restrooms in the Facility, in violation of section 603.2.1 of the 2010 ADAAG standards.

(v) The accessible toilet stalls in the restrooms in the Facility do not have grab bars adjacent to the commodes therein, in violation of section 604.5 of the 2010 ADAAG standards.

    (vi)    The accessible toilet stall doors in the restrooms in the Facility are not self-closing, in violation of section 604.8.2.2 of the 2010 ADAAG standards.

    (vii)    The height of the coat hooks located in the restroom stalls in the restrooms in the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

36.    Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to travel upon the accessible routes on the Property that lead from the parking area to the entrances of the Facility, and render use of the restroom in the Facility entirely inaccessible to Plaintiff.

37.    Plaintiff has made multiple oral complaints to Adventure Outdoors' management that due to violations of the ADA and ADAAG, she is unable to use the restroom when present at the Property as a customer.

38.    The Property has not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities in violation of section 28 C.F.R. § 36.211.

39.    Upon information and good faith belief, Defendants fail to adhere to a

policy, practice and procedure to ensure that all facilities on the Property are readily accessible to and usable by disabled individuals.

40. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

41. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

42. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

43. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

45. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily

achievable because Defendants have the financial resources to make the necessary modifications.

46. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

47. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

48. Plaintiff's requested relief serves the public interest.

49. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

50. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

51. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)      That the Court find ADVENTURE OUTDOORS, INC. in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b)      That the Court find J. WALLACE PROPERTIES, LLC in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(c)      That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)      That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)      That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)      That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: January 15, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich

>Georgia Bar No. 242240
>The Law Office of Craig J. Ehrlich, LLC
>1123 Zonolite Road N.E., Suite 7-B
>Atlanta, Georgia 30306
>Tel: (800) 238-3857
>Fax: (855) 415-2480
>craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

>/s/Craig J. Ehrlich
>Craig J. Ehrlich